UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KIZALEE NOBLIT,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>          Defendant. | No. 3:13-cv-00628-HU<br><br>**FINDINGS AND RECOMMENDATION** |

HUBEL, Magistrate Judge:

On August 15, 2014, Judge Anna Brown adopted this Court's Findings and Recommendation and remanded this matter to the Commissioner of the Social Security Administration ("SSA" or "Commissioner") pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Now before the Court is Plaintiff Kizalee Noblit's ("Plaintiff") application (Docket No. 30) for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 27 U.S.C. § 2412.

The EAJA requires an award of attorney's fees to the prevailing plaintiff in a social security case, "unless the court

Page 1 - FINDINGS AND RECOMMENDATION

finds that the position of the United States was substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d). While

> the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. The decision to deny EAJA attorney's fees is within the discretion of the court. A social security claimant is the 'prevailing party' following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award.

*Frazier v. Colvin*, No. 3:13-cv-00673-SI, 2014 WL 1571890, at *1 (D. Or. Apr. 17, 2014) (internal citations omitted).

Plaintiff seeks an award of attorney's fees in the amount of $3,603.18 based on 19.25 hours of work (e.g., 15.30 hours multiplied by the 2013 applicable statutory maximum hourly rate of $187.02, plus 3.95 hours multiplied by the 2014 applicable statutory maximum hourly rate of $187.79). The Commissioner stipulates to the reasonableness of the requested fees. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

Accordingly, Plaintiff's application (Docket No. 30) should be GRANTED. Plaintiff should be awarded $3,603.18 in attorney's fees under 28 U.S.C. § 2412. As discussed in *Astrue v. Ratliff*, 560 U.S. 586, 593-94 (2010), EAJA fees are subject to any offsets allowed under the Treasury Offset Program. EAJA fees are awarded to Plaintiff's attorney in light of the assignment executed by Plaintiff on April 5, 2013. The Commissioner shall, therefore, cause the payment of fees, after any applicable offsets, to be made payable to Plaintiff's attorney, Merrill Schneider.

Page 2 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **December 19, 2014.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **January 5, 2015.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this  1st  day of December, 2014.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 3 - FINDINGS AND RECOMMENDATION